# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VINCENT RICHARDSON,**

    **Plaintiff,**

v.                      **CASE NO:**

**22ND CENTURY TECHNOLOGIES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VINCENT RICHARDSON, (hereinafter "Plaintiff" or "Ms. Richardson"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, 22ND CENTURY TECHNOLOGIES, INC. (hereinafter "Defendant," "TSCTI," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; the Americans with Disabilities Act ("ADA"); the Age

Discrimination in Employment Act ("ADEA"); and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"), and for retaliation in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated and retaliated against her, altered the terms, conditions, and privileges of her employment because of her disability and age in violation of her rights under Title VII, the ADA, the ADEA, and the FCRA.

3.     As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Brevard County, Florida.

## PARTIES

8.    Plaintiff is a sixty-eight-year-old diabetic female.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her disability and age under Title VII, the ADA, the ADEA, and the FCRA.

10.    During the period from September 27, 2021, until October 1, 2021, Defendant employed Plaintiff.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADA, the ADEA, and the FCRA.

13.    The Defendant is 22ND CENTURY TECHNOLOGIES, INC., a Foreign Profit Corporation with a principal place of business located at 8251 Greensboro Drive, Suite 900, McLean, Virginia 22102.

14.    22ND CENTURY TECHNOLOGIES, INC. is one of the fastest growing IT Service Integrator and Workforce Solution companies in the United States. With HQs in Somerset, NJ and Mclean, VA, TSCTI has 14 offices throughout the United States including their office located at 3270

Suntree Blvd, Melbourne, FL 32940 where they employed Plaintiff.

15.    At all times conduct herein, Defendant regularly conducted, and continues to conduct, business throughout Brevard County, Florida.

16.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADA, the ADEA, and the FCRA.

17.    Accordingly, Defendant is liable under Title VII, ADA, the ADEA, and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19.    On June 7, 2022, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her age, disability, and retaliation.

20.    On March 30, 2023, the EEOC issued Plaintiff a Notice of Right

to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2022-05481) against Defendant.

21.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.    On September 27, 2021, TSCTI hired Ms. Richardson for the Housing Counselor position at the Brevard County Housing and Human Services Department Worksite through their contract with the County. TSCTI informed Ms. Richardson that the job location was at the Brevard County Government Center located at 2725 Judge Fran Jamieson Way, Viera Florida 32940.

24.    At the start of her employment, Ms. Richardson worked in a private cubicle at the Brevard County Office Complex located at 2725 Judge

Fran Jamieson Way, Viera, Florida and reported to Iva Mulla.

25.    On October 1, 2021, Ms. Mulla had Ms. Richardson report to the County Offices located at 1605 N Courtenay Pkwy, Merritt Island, FL 32953 and let Ms. Richardson know that this would be her permanent employment location.

26.    Upon arriving at the Merritt Island location, Ms. Richardson found that she would no longer have a private cubicle and instead would be working in a crowded office space. Ms. Richardson expressed her concerns about working in such a close environment to Ms. Mulla, but nothing was done.

27.    Prior to this re-assignment, Ms. Richardson had no reason to "disclose" her disability as her employment at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida did not present an unsafe work environment for an immune-compromised employee like Ms. Richardson.[1]  Conversely, the Merritt Island facility could be compared to a boiler room; a congested area with unmasked co-workers

---

[1] An individual with a disability may request a reasonable accommodation at any time during the hiring process or during the period of employment. The need to disclose and request accommodation will become evident when an individual knows there is a workplace barrier due to a disability. An accommodation can be requested even when a disability was not disclosed upon being hired. According to the EEOC, it is usually in an employee's best interest to request a reasonable accommodation before performance suffers or conduct problems occur.

talking on the phones all day.

28.    During her shift on October 1, 2021, Ms. Richardson wore a mask to help protect herself from contracting COVID-19. As a result of wearing her mask, Ms. Richardson experienced her coworkers laughing at her and even bragging about not being masked and refusing to be vaccinated. Ms. Richardson discussed these issues with Ms. Mulla who let Ms. Richardson know that she could not require anyone to get vaccinated or wear a mask. Ms. Mulla also shared that three out of the ten housing counselors were on leave due to contracting COVID-19.

29.    Following her work shift, Ms. Richardson spoke with a physician who informed her that she was at elevated risk of infection because of her diabetes, and the doctor told Ms. Richardson that she should qualify for reasonable accommodations to protect herself from COVID-19. As such, Ms. Richardson sent an email to Marcia Markham, Karen Bryan, Ms. Mulla, Leslie Smith and Desta Greenridge on Sunday, October 3, 2021, requesting a reasonable accommodation in the form of working from home during the COVID-19 pandemic due to her diabetic condition.

30.    On Monday, October 4, 2021, at 8:48am, Ms. Mulla responded to Ms. Richardson's email stating that she could not grant Ms. Richardson's

request because she was not employed through the County and that only County employees could be granted remote access.

31.    Following Ms. Mulla's email, Ms. Richardson received an email from TSCTI's HR Administrator/Account Manager, Leslie Smith, at 10:07 am, stating, "While we appreciate your time and effort for your week on the job, the accommodation you are requesting are not something that we can meet at this time. We again thank you for your services this past week and wish you all the best on future endeavors."

32.    Following this email, Ms. Richardson had a conversation with Ms. Smith letting Ms. Smith know that she could return to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida as agreed upon in her September 27, 2021, offer letter.

33.    Ms. Richardson followed up her email and phone conversation with Ms. Smith by sending text messages to Ms. Smith asking to return to the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida.

34.    Ms. Smith never entered an interactive process with Ms. Richardson regarding the possibility of returning to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera,

Florida. Instead, Ms. Smith let Ms. Richardson know that she would not have been hired at all had she disclosed her diabetes during the interview process. Incidentally, younger Housing Counselors who were participating in this same program and who also refused to go to the Merritt Island facility, were allowed to stay at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida. The young lady who trained Ms. Richardson for that week, Myrtle Smith, is one such individual.

35.    On October 12, 2021, TSCTI's HR Executive, Ramanpreet Kaur, sent Ms. Richardson an email stating, "This is to inform you that your employment with 22nd Century Technologies, Inc. at our client Brevard County Housing& Human Services Dept/ Career Source Brevard has ended effective October 1, 2021. Reason: Falsification of paperwork (Did not disclose disability status during onboarding)."[2]

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### Disability Discrimination

36.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this

---

[2] Under the ADA, an employer generally may not require an applicant to disclose information about a disability or medical condition prior to making an offer of employment. Covered employers are not permitted to ask non-voluntary disability-related questions on a job application or during the hiring process.

Complaint as though fully set forth herein.

37.    Plaintiff is diabetic.

38.    During the period from September 27, 2021, until October 1, 2021, Defendant employed Plaintiff.

39.    Plaintiff, having held her position as a Housing Counselor from September 27, 2021, until October 1, 2021, showed that she was qualified for her position.

40.    Plaintiff informed her supervisor, Iva Mulla, of her diabetes.

41.    At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her disability by:

      a.    laughing at her and even bragging about not being masked and refusing to be vaccinated; and

      b.    Refusing to enter an interactive process to allow Plaintiff to either work from home or return to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida.

42.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in

the workplace.

43.    The discriminatory acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' discriminatory acts materially altered the terms and conditions of Plaintiff's employment.

44.    Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

45.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

46.    Defendant violated the ADA by subjecting Plaintiff to discrimination because of her disability by failing to promptly correct her coworkers' discrimination once it learned of it.

47.    Further, Defendant failed to prevent and promptly correct this illegal workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and discrimination of Plaintiff by her coworkers failed to promptly

take steps to correct the conduct of Plaintiff's coworkers who, like Plaintiff, were under their supervision, management, and control.

48.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination by terminating Plaintiff's employment on October 1, 2021.

49.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the ADA.

50.    Defendant's actions constitute discrimination in violation of the ADA.

51.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and

other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the Americans with Disabilities Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF ADEA

52.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

53.    Plaintiff is sixty-eight-year-olds.

54.    During the period from September 27, 2021, until October 1, 2021, Defendant employed Plaintiff.

55.    Plaintiff, having held her position as a Housing Counselor from

September 27, 2021, until October 1, 2021, showed that she was qualified for her position.

56.    Plaintiff's age was a determining factor in Defendant's decision to terminate her.

57.    At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her age by allowing younger Housing Counselors who were participating in this same program and who also refused to go to the Merritt Island facility, were allowed to stay at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida. The young lady who trained Ms. Richardson for that week, Myrtle Smith, is one such individual.

58.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

59.    The discriminatory acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' discriminatory acts materially altered the terms and conditions of Plaintiff's employment.

60.    Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

61.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

62.    Defendant violated the ADEA by subjecting Plaintiff to discrimination because of her age by failing to promptly correct Plaintiff's coworkers' discrimination once it learned of it.

63.    Further, Defendant failed to prevent and promptly correct this illegal workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by her coworkers failed to promptly take steps to correct the conduct of her coworkers who, like Plaintiff, were under their supervision, management, and control.

64.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination by terminating Plaintiff's employment on October 1, 2021.

65.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the ADEA.

66.    Defendant's actions constitute discrimination in violation of the ADEA.

67.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADEA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADEA by discriminating against Plaintiff based on her age;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADEA;

D.    Award Plaintiff all other damages available under the ADEA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADEA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation

68.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

69.     Plaintiff is diabetic.

70.     On October 1, 2021, Plaintiff requested reasonable accommodation in the form of working from home during the COVID-19 pandemic due to her diabetic condition.

71.     On Monday, October 4, 2021, at 8:48am, Ms. Mulla responded to Ms. Richardson's email stating that she could not grant Ms. Richardson's request.

72.     Following Ms. Mulla's email, Ms. Richardson received an email from TSCTI's HR Administrator/Account Manager, Leslie Smith, at 10:07

am, stating, "While we appreciate your time and effort for your week on the job, the accommodation you are requesting are not something that we can meet at this time. We again thank you for your services this past week and wish you all the best on future endeavors."

73.    Following this email, Ms. Richardson had a conversation with Ms. Smith letting Ms. Smith know that she could return to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida as agreed upon in her September 27, 2021, offer letter.

74.    Ms. Smith never entered an interactive process with Ms. Richardson regarding the possibility of returning to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida. Instead, Ms. Smith let Ms. Richardson know that she would not have been hired at all had she disclosed her diabetes during the interview process.

75.    Defendant subjected Plaintiff to adverse employment actions in retaliation for requesting reasonable accommodation due to her diabetic condition.

76.     The actions of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

77. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

78. Defendant violated the ADA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

79. Plaintiff, by being subjected to this retaliatory conduct created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

80. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived her of statutory rights under the ADA.

81. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic

damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA by retaliating against Plaintiff based on her requesting reasonable accommodation due to her diabetic condition;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature,

extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Disability Discrimination

82.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

83.    Plaintiff is diabetic.

84.    A During the period from September 27, 2021, until October 1, 2021, Defendant employed Plaintiff.

85.    Plaintiff, having held her position as a Housing Counselor from September 27, 2021, until October 1, 2021, showed that she was qualified for her position.

86.    Plaintiff informed her supervisor, Iva Mulla, of her diabetes.

87.    At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her disability by:

      a.    laughing at her and even bragging about not being masked and refusing to be vaccinated; and

      b.    Refusing to enter an interactive process to allow Plaintiff to either work from home or return to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida.

88.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

89.    The offensive acts of Plaintiff's coworkers materially altered the

terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

90.    Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

91.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

92.    Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of her disability.

93.    Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

94.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

95.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's

discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### FLORIDA STATUTES §§ 760.01-11
### Age Discrimination

96.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

97.     The Plaintiff is sixty-eight years old.

98.     During the period from September 27, 2021, until October 1, 2021, Defendant employed Plaintiff.

99.     Plaintiff, having held her position as a Housing Counselor from September 27, 2021, until October 1, 2021, showed that she was qualified for her position.

100.    Plaintiff's age was a determining factor in Defendant's decision to terminate her.

101.    At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her age by allowing younger Housing Counselors who were participating in this same program and who also refused to go to the Merritt Island facility, were allowed to stay at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way,

Viera, Florida. The young lady who trained Ms. Richardson for that week, Myrtle Smith, is one such individual.

102. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

103. The discriminatory acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' discriminatory acts materially altered the terms and conditions of Plaintiff's employment.

104. Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

105. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

106. Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned

of it and by subjecting Plaintiff to discrimination because of her age.

107. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

108. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

109. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the

Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her age;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA,

according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

110.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

111.    Plaintiff is a sixty-eight-year-old diabetic female.

112.    On October 1, 2021, Plaintiff requested reasonable accommodation in the form of working from home during the COVID-19 pandemic due to her diabetic condition.

113.    On Monday, October 4, 2021, at 8:48am, Ms. Mulla responded to Ms. Richardson's email stating that she could not grant Ms. Richardson's request.

114.   Following Ms. Mulla's email, Ms. Richardson received an email from TSCTI's HR Administrator/Account Manager, Leslie Smith, at 10:07 am, stating, "While we appreciate your time and effort for your week on the job, the accommodation you are requesting are not something that we can meet at this time. We again thank you for your services this past week and wish you all the best on future endeavors."

115.   Following this email, Ms. Richardson had a conversation with Ms. Smith letting Ms. Smith know that she could return to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida as agreed upon in her September 27, 2021, offer letter.

116.   Ms. Smith never entered an interactive process with Ms. Richardson regarding the possibility of returning to work at the Brevard County Office Complex located at 2725 Judge Fran Jamieson Way, Viera, Florida. Instead, Ms. Smith let Ms. Richardson know that she would not have been hired at all had she disclosed her diabetes during the interview process.

117.   Defendant subjected Plaintiff to adverse employment actions in retaliation for requesting reasonable accommodation due to her diabetic condition.

118.   The actions and inaction of Defendant, by and through the

conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

119.   As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

120.   Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

121.   Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

122.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived her of statutory rights under the FCRA.

123.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, VINCENT RICHARDSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, 22ND CENTURY TECHNOLOGIES, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her requesting reasonable accommodation due to her diabetic condition;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 27th day of June 2023.

_/s/ Jason W. Imler, Esq_____
Jason W. Imler
Florida Bar No. 1004422

**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorneys for Plaintiff